Official Form 1 (4/07) Thomson West, Rochester, NY

| United States Bankruptcy Court<br>**WESTERN** DISTRICT OF *MISSOURI* | **Voluntary Petition** |
|---|---|

| Name of Debtor   (if individual, enter Last, First, Middle):<br><br>*Walker, Craig A.* | Name of Joint Debtor   (Spouse)(Last, First, Middle):<br><br>*Walker, Michelle L.* |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>*NONE* | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>*aka Michelle L. Johnson-Walker* |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No.<br>(if more than one, state all):   *5642* | Last four digits of Soc. Sec./Compete EIN or other Tax I.D. No.<br>(if more than one, state all):   *2528* |

| Street Address of Debtor   (No. & Street, City, and State):<br>*1503 NE 57th Terrace*<br>*Gladstone MO*  ZIPCODE *64118* | Street Address of Joint Debtor   (No. & Street, City, and State):<br>*1503 NE 57th Terrace*<br>*Gladstone MO*  ZIPCODE *64118* |
|---|---|
| County of Residence or of the<br>Principal Place of Business:   *Clay* | County of Residence or of the<br>Principal Place of Business:   *Clay* |
| Mailing Address of Debtor   (if different from street address):<br>*SAME*  ZIPCODE | Mailing Address of Joint Debtor   (if different from street address):<br>*SAME*  ZIPCODE |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):   *NOT APPLICABLE*  ZIPCODE | |

**Type of Debtor**   (Form of organization)

(Check **one** box.)

- ☒ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed**   (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**   (Check one box)

- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- ☐ Debts are primarily business debts.

**Chapter 11 Debtors:**

**Check one box:**

- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Check all applicable boxes:**

- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee**   (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Offi cial Form 3B.

**Statistical/Administrative Information**   THIS SPACE IS FOR COURT USE ONLY

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $10,000 | $10,000 to $100,000 | $100,001 to $1 million | $1 million to $100 million | Over $100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,000 to $100,000 | $100,001 to $1 million | $1 million to $100 million | More than $100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ |

Official Form 1 (4/07) Thomson West, Rochester, NY | FORM B1, Page 2

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | *Craig A. Walker and* |
| | *Michelle L. Walker* |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | (If more than two, attach additional sheet) | |
|---|---|---|
| Location Where Filed: *Western District of* | Case Number: *01-42326-7* | Date Filed: *5/16/2001* |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | (If more than one, attach additional sheet) | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) |
| | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition | **X** */s/ Jeffrey L. Wagoner*      *10/30/2007* |
| | Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.

If this is a joint petition:

☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Official Form 1 (4/07) Thomson West, Rochester, NY                                                         FORM B1, Page   3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *Craig A. Walker and* |
| | *Michelle L. Walker* |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** */s/ Craig A. Walker*
Signature of Debtor

**X** */s/ Michelle L. Walker*
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

*10/30/2007*
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

10/30/2007
(Date)

### Signature of Attorney

**X** */s/ Jeffrey L. Wagoner*
Signature of Attorney for Debtor(s)

*Jeffrey L. Wagoner 44365*
Printed Name of Attorney for Debtor(s)

*Wagoner Bankruptcy Group, P.C.*
Firm Name

*3101 Broadway, Suite 901*
Address

*Kansas City MO   64111*

*816-756-1144*
Telephone Number

*10/30/2007*
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

*10/30/2007*
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

Official Form 1, Exhibit D (10/06) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

In re *Craig A. Walker*
 *and*
 *Michelle L. Walker*

Case No.
Chapter **13**

_____
**Debtor(s)**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒　　1. Within the 180 days   **before the filing of my bankruptcy case,**   I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐　　2. Within the 180 days   **before the filing of my bankruptcy case,**   I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐　　3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Official Form 1, Exhibit D (10/06) West Group, Rochester, NY

☐   4. I am not required to receive a credit counseling briefing because of:    *[Check the applicable statement]* *[Must be accompanied by a motion for determination by the court.]*

         ☐     Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

         ☐     Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

         ☐     Active military duty in a military combat zone.

☐   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:     */s/ Michelle L. Walker*

Date:    *10/30/2007*

Official Form 1, Exhibit D (10/06) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

In re *Craig A. Walker*
    *and*
    *Michelle L. Walker*

Case No.
Chapter  *13*

_____
                    **Debtor(s)**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Official Form 1, Exhibit D (10/06) West Group, Rochester, NY

☐    4. I am not required to receive a credit counseling briefing because of:   *[Check the applicable statement]*

*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Craig A. Walker*

Date:    *10/30/2007*

**Official Form 22C (Chapter 13) (4/07)**

In re   WALKER_ CRAIG & MICHELLE
<br>                    Debtor(s)

Case number: _____
<br>                    (If known)

According to the calculations required by this statement:
- ☐ **The applicable commitment period is 3 years.**
- ☒ **The applicable commitment period is 5 years.**
- ☒ **Disposable income is determined under § 1325(b)(3).**
- ☐ **Disposable income is not determined under § 1325(b)(3).**

(Check the boxes as directed in Lines 17 and 23 of this statement.)

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly.

Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☒ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for lines 2-10.** | | |
| | All figures must reflect average monthly income recieved from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $3,493.75 | $2,383.78 |
| 3 | **Income from the operation of a business, profession, or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) Line 3. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.**<br><br>a. Gross receipts — $0.00<br>b. Ordinary and necessary business expenses — $0.00<br>c. Business income — Subtract Line b from Line a | $0.00 | $0.00 |
| 4 | **Rent and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.**<br><br>a. Gross receipts — $0.00<br>b. Ordinary and necessary operating expenses — $0.00<br>c. Rent and other real property income — Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | $0.00 | $0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include amounts paid by the debtor's spouse. | $0.00 | $0.00 |
| 8 | **Unemployment compensation.**  Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $0.00 ___ Spouse $0.00 ___ | $0.00 | $0.00 |

**Official Form 22C (Chapter 13) (4/07)   - Cont.**                                    2

| | | | |
|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
| | a. | 0 | |
| | b. | 0 | |
| | | $0.00 | $0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $3,493.75 | $2,383.78 |
| 11 | **Total.** If column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $5,877.53 |

### Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12 | **Enter the amount from Line 11.** | $5,877.53 |
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. Otherwise, enter zero. | $0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $5,877.53 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $70,530.36 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence: ___MISSOURI___   b. Enter debtor's household size: _____3_____ | $54,914.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br><br> ☒ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

### Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | |
|---|---|---|
| 18 | **Enter the amount from Line 11.** | $5,877.53 |
| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the houshold expenses of you or your dependents. If you are unmarried or married and filing jointly with your spouse, enter zero. | $0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $5,877.53 |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $70,530.36 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $54,914.00 |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed. <br><br> ☒ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement <br><br> ☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | |

**Official Form 22C (Chapter 13) (4/07)**   **- Cont.**                                                                                     **3**

| | Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2) | |
|---|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | |
| 24 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) | $1,368.00 |
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.**      Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at  www.usdoj.gov/ust/   or from the clerk of the bankruptcy court). | $353.00 |
| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**      Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at  www.usdoj.gov/ust/   or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.     **Do not enter an amount less than zero.** <br><br> a. IRS Housing and Utilities Standards; mortgage/rental Expense — $836.00 <br> b. Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 — $1,065.57 <br> c. Net mortgage/rental expense — Subtract Line b from Line a. | $0.00 |
| 26 | **Local Standards: housing and utilities; adjustment.**      If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $0.00 |
| 27 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.   ☐ 0  ☐ 1  ☒ 2 or more. <br><br> Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at  www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) | $379.00 |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**      Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)   ☐ 1  ☒ 2 or more. <br><br> Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/   or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.    **Do not enter an amount less than zero.** <br><br> a. IRS Transportation Standards, Ownership Costs, First Car — $471.00 <br> b. Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 — $283.33 <br> c. Net ownership/lease expense for Vehicle 1 — Subtract Line b from Line a. | $187.67 |
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.**      Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at  www.usdoj.gov/ust/   or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.    **Do not enter an amount less than zero.** <br><br> a. IRS Transportation Standards, Ownership Costs, Second Car — $332.00 <br> b. Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 — $315.71 <br> c. Net ownership/lease expense for Vehicle 2 — Subtract Line b from Line a. | $16.29 |

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $1,312.94 |
|---|---|---|
| 31 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | $0.00 |
| 32 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life, or for any other form of insurance.** | $23.24 |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 49.** | $0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $0.00 |
| 35 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare -- such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $500.00 |
| 36 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance listed or health savings accounts listed in Line 39.** | $145.00 |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service -- such as cell phones, pagers, call waiting, caller id, special long distance, or internet service -- to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $40.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $4,325.14 |

### Subpart B: Additional Expense Deductions under § 707(b)
**Note: Do not include any expenses that you have listed in Lines 24-37**

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories: | |
|---|---|---|
| | a. Health Insurance — $224.32 | |
| | b. Disability Insurance — $18.10 | |
| | c. Health Savings Account — $0.00 | |
| | Total: Add Lines a, b, and c | $242.42 |
| 40 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $0.00 |
| 41 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $0.00 |
| 42 | **Home energy costs.** Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $0.00 |
| 43 | **Education expenses for dependent children under 18.** Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $0.00 |
| 44 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $0.00 |

| | | |
|---|---|---|
| 45 | **Continued charitable contributions.**  Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).**   Enter the total of Lines 39 through 45. | $242.42 |

### Subpart C: Deductions for Debt Payment

| | | |
|---|---|---|
| 47 | **Future payments on secured claims.**   For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | Bank of America | 1503 NE 57th Terrace, Gladstone, MO | $1,065.57 |
| b. | Hyundai Financial | 2005 Kia Sorrento | $283.33 |
| c. | Wachovia | 2001 Ford F150 pickup | $315.71 |
| d. | | | $0.00 |
| e. | | | $0.00 |
| | | | Total: Add Lines a - e |

Line 47 Total: **$1,664.61**

| | | |
|---|---|---|
| 48 | **Other payments on secured claims.**   If any of the debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain the possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $0.00 |
| b. | | | $0.00 |
| c. | | | $0.00 |
| d. | | | $0.00 |
| e. | | | $0.00 |
| | | | Total: Add Lines a - e |

Line 48 Total: **$0.00**

| | | |
|---|---|---|
| 49 | **Payments on priority claims.**   Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $0.00 |

| | | |
|---|---|---|
| 50 | **Chapter 13 administrative expenses.**   Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |

| | | |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $600.00 |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at  www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) | x  0.047 |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

Line 50 Total: **$28.20**

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.**   Enter the total of Lines 47 through 50. | $1,692.81 |

### Subpart D: Total Deductions Allowed under § 707(b)(2)

| | | |
|---|---|---|
| 52 | **Total of all deductions allowed under § 707(b)(2).**   Enter the total of Lines 38, 46, and 51. | $6,260.37 |

### Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| | | |
|---|---|---|
| 53 | **Total current monthly income.**   Enter the amount from Line 20. | $5,877.53 |
| 54 | **Support income.**   Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included in Line 7, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $0.00 |
| 55 | **Qualified retirement deductions.**   Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19). | $411.79 |

**Official Form 22C (Chapter 13) (4/07)    - Cont.**                                                                        **6**

| 56 | **Total of all deductions allowed under § 707(b)(2).**    Enter the amount from Line 52. | $6,260.37 |
|----|---|---|
| 57 | **Total adjustments to determine disposable income.**    Add the amounts on Lines 54, 55, and 56 and enter the result. | $6,672.16 |
| 58 | **Monthly Disposable Income Under § 1325(b)(2).**    Subtract Line 57 from Line 53 and enter the result. | ($794.63) |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 59 | **Other Expenses.**    List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|----|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $0.00 |
| b. | | $0.00 |
| c. | | $0.00 |
| | Total: Add Lines a, b, and c | $0.00 |

## Part VII: VERIFICATION

| 60 | I declare under penalty of perjury that the information provided in this statement is true and correct.    *(If this a joint case, both debtors must sign.)* <br> Date: 10/30/2007 _____    Signature: */s/ Craig A. Walker* _____ <br>                                                   (Debtor) <br> Date: 10/30/2007 _____    Signature: */s/ Michelle L. Walker* _____ <br>                                                   (Joint Debtor, if any ) |
|----|---|

**Official Form 22C (Chapter 13) (4/07)**     **- Cont.**      **7**

In re     WALKER_ CRAIG & MICHELLE
_____
            Debtor(s)

## DISPOSABLE INCOME CALCULATION - SUPPLEMENTAL PAGE

Debtors' monthly mortgage payment is $991.82 plus real estate taxes of $885 per year, which equates to a monthly amount of $1,065.57.

Official Form 6 - Summary of Schedules (10/06) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

In re *Craig A. Walker and Michelle L. Walker*

Case No.
Chapter  *13*

_____ / Debtor

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's  liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | Yes | 1 | $        150,000.00 | | |
| B-Personal Property | Yes | 3 | $        115,859.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 2 | | $        170,769.81 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $            0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $         13,982.00 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $          4,096.82 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $          3,358.81 |
| TOTAL | | 16 | $        265,859.00 | $        184,751.81 | |

Official Form 6 - Statistical Summary (10/06) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

In re *Craig A. Walker and Michelle L. Walker*

Case No.

Chapter *13*

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

## This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| **TOTAL** | $ 0.00 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 4,096.82 |
| Average Expenses (from Schedule J, Line 18) | $ 3,358.81 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ 5,877.53 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 1,578.81 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 13,982.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 15,560.81 |

**Official Form 6, Declaration (10/06) West Group, Rochester, NY**

In re *Craig A. Walker and Michelle L. Walker*                    Case No. _____
                          Debtor                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___17___ sheets, and that they are true and correct to the best of my knowledge, information and belief.


Date: *10/30/2007*            Signature  */s/ Craig A. Walker*
                                         *Craig A. Walker*


Date: *10/30/2007*            Signature  */s/ Michelle L. Walker*
                                         *Michelle L. Walker*

FORM B6A (10/05) West Group, Rochester, NY

In re *Craig A. Walker and Michelle L. Walker* _____ / Debtor   Case No._____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *1503 NE 57th Terrace, Gladstone, MO 64118* | *Fee Simple* | *J* | *$ 150,000.00* | *$ 138,000.00* |
| | | | | |
| | | **TOTAL $** | *150,000.00* | |
| | | **(Report also on Summary of Schedules.)** | | |

No continuation sheets attached

FORM B6B (10/05) West Group, Rochester, NY

In re **_Craig A. Walker and Michelle L. Walker_**                    / Debtor          Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | _Cash_<br>_Location: In debtor's possession_ | J | $ 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | _Checking account_<br>_Location: US Bank_ | J | $ 20.00 |
| | | _Checking account #2_<br>_Location: Bank of America_ | J | $ 20.00 |
| | | _Savings account_<br>_Location: Bank of America_ | J | $ 8.00 |
| | | _Savings account #2_<br>_Location: Geotz Credit Union_ | J | $ 50.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | _Household goods:  furniture, kitchen items, knick knacks, appliances, miscellaneous household items_<br>_Location: In debtor's possession_ | J | $ 5,000.00 |
| | | _Refrigerator ($1,400 new, current fair market $900) & stove ($600 new, current fair market value $400)_<br>_Location: In debtor's possession_ | J | $ 1,300.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | _Clothing_<br>_Location: In debtor's possession_ | J | $ 750.00 |

Page ___1___ of ___3___

FORM B6B (10/05) West Group, Rochester, NY

In re **_Craig A. Walker and Michelle L. Walker_** _____ / Debtor      Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| **7. Furs and jewelry.** | | _Costume jewelry & watches_<br>_Location: In debtor's possession_ | J | _$ 100.00_ |
| | | _Wedding rings_<br>_Location: In debtor's possession_ | J | _$ 300.00_ |
| **8. Firearms and sports, photographic, and other hobby equipment.** | X | | | |
| **9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.** | X | | | |
| **10. Annuities. Itemize and name each issuer.** | X | | | |
| **11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c); Rule 1007(b)).** | X | | | |
| **12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize.** | | _401(k) Retirement account_<br>_Location: LifeCare Retirement Communities_ | W | _$ 29,000.00_ |
| | | _Profit Sharing Retirement Trust_<br>_Location: Grainger/Vanguard_ | H | _$ 49,000.00_ |
| **13. Stock and interests in incorporated and unincorporated businesses. Itemize.** | X | | | |
| **14. Interests in partnerships or joint ventures. Itemize.** | X | | | |
| **15. Government and corporate bonds and other negotiable and non-negotiable instruments.** | X | | | |
| **16. Accounts Receivable.** | X | | | |
| **17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars.** | X | | | |
| **18. Other liquidated debts owing debtor including tax refunds. Give particulars.** | X | | | |
| **19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property.** | X | | | |
| **20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust.** | X | | | |

Page __2__ of __3__

FORM B6B (10/05) West Group, Rochester, NY

In re **Craig A. Walker and Michelle L. Walker** _____ / Debtor     Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles. | | *2001 Ford F150 pickup* *Location: In debtor's possession* | J | *$ 15,400.00* |
| | | *2005 Kia Sorrento* *Location: In debtor's possession* | J | *$ 14,891.00* |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __3__ of __3__     Total ➡     *$ 115,859.00*

**(Report total also on Summary of Schedules.)**
**Include amounts from any continuation sheets attached.**

FORM B6C (4/07) Thomson West, Rochester, NY

In re **Craig A. Walker and Michelle L. Walker** _____ / Debtor   Case No. _____

(if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:   ☐ Check if debtor claims a homestead exemption that exceeds $136,875.

(Check one box)

☐ 11 U.S.C. § 522(b) (2):

☒ 11 U.S.C. § 522(b) (3):

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---:|---:|
| 1503 NE 57th Terrace, Gladstone, MO 64118 | R. S. Mo. 513.475 | $ 12,000.00 | $ 150,000.00 |
| Cash | R. S. Mo. 513.430(3) | $ 20.00 | $ 20.00 |
| Checking account | R. S. Mo. 513.430(3) | $ 20.00 | $ 20.00 |
| Checking account #2 | R. S. Mo. 513.430(3) | $ 20.00 | $ 20.00 |
| Savings account | R. S. Mo. 513.430(3) | $ 8.00 | $ 8.00 |
| Savings account #2 | R. S. Mo. 513.430(3) | $ 50.00 | $ 50.00 |
| Household goods | R. S. Mo. 513.430(1) | $ 5,000.00 | $ 5,000.00 |
| Refrigerator & stove | R. S. Mo. 513.430(1) | $ 0.00 | $ 1,300.00 |
| Clothing | R. S. Mo. 513.430(1) | $ 750.00 | $ 750.00 |
| Costume jewelry & watches | R. S. Mo. 513.430(2) | $ 100.00 | $ 100.00 |
| Wedding rings | R. S. Mo. 513.430(2) | $ 300.00 | $ 300.00 |
| 401(k) Retirement account | R. S. Mo. 513.430(10)(f) | $ 29,000.00 | $ 29,000.00 |
| Profit Sharing Retirement Trust | R. S. Mo. 513.430(10)(f) | $ 49,000.00 | $ 49,000.00 |
| 2001 Ford F150 pickup | R. S. Mo. 513.430(5) | $ 400.00 | $ 15,400.00 |
| 2005 Kia Sorrento | R. S. Mo. 513.430(5) | $ 0.00 | $ 14,891.00 |

Page No. _1_ of _1_

**Official Form 6D (10/06)**   West Group, Rochester, NY

In re *Craig A. Walker and Michelle L. Walker*                ,          Case No. _____
                      **Debtor(s)**                                                            **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See U.S.C. § 112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primary consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: **Creditor # : 1 Bank of America Mortgage 4161 Piedmont Parkway NC4-105-01-34 Greensboro NC 27410-8110** | J | *2006* *Deed of Trust* *1503 NE 57th Terrace, Gladstone, MO 64118* Value: *$ 150,000.00* | | | | *$ 138,000.00* | *$ 0.00* |
| Account No: **Creditor # : 2 Hyundai Motor Finance PO Box 0542 Carol Stream IL 60132-0542** | J | *Jan 2005* *Consensual lien* *2005 Kia Sorrento* Value: *$ 14,891.00* | | | | *$ 15,943.81* | *$ 1,052.81* |
| Account No: **Creditor # : 3 Nebraska Furniture Mart PO Box 3000 Omaha NE 68114** | J | *11/2006* *Purchase Money Security* *Refrigerator & stove* Value: *$ 1,300.00* | | | | *$ 1,826.00* | *$ 526.00* |

1    continuation sheets attached

| | |
|---|---|
| **Subtotal $** (Total of this page) | *$ 155,769.81* | *$ 1,578.81* |
| **Total $** (Use only on last page) | | |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Official Form 6D (10/06)   - Cont. West Group, Rochester, NY

In re *Craig A. Walker and Michelle L. Walker* ,                              Case No. _____
                        **Debtor(s)**                                                                    **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *Creditor # : 4 Wachovia Customer Service PO Box 8650 Wilmington DE 19899-8650* | J | *July 2007 Consensual lien 2001 Ford F150 pickup*  Value: *$ 15,400.00* | | | | *$ 15,000.00* | *$ 0.00* |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Secured Claims

|  |  |  |
|---|---|---|
| **Subtotal $** (Total of this page) | *$ 15,000.00* | *$ 0.00* |
| **Total $** (Use only on last page) | *$ 170,769.81* | *$ 1,578.81* |
|  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Official Form 6 E (4/07) Thomson West, Rochester, NY

In re **Craig A. Walker and Michelle L. Walker** ,                    Case No._____
                                    **Debtor(s)**
                                                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112.  If a "minor child" is stated, also include the name, address and legal relationship to the minor child of a person described in  Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**      (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐   **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐   **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

**Official Form 6F (10/06)** West Group, Rochester, NY

In re _Craig A. Walker and Michelle L. Walker_            ,         Case No._____
                        **Debtor(s)**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

   State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

   If the claim is contingent, place an "X" in the column labeled "Cotingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

   Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:  _4271_ <br> _Creditor # : 1_ <br> _Capital One Bank_ <br> _Inquiries_ <br> _PO Box 85015_ <br> _Richmond VA 23285-5015_ | _J_ | | _Credit Card_ | | | | _$ 749.00_ |
| Account No:  _2669_ <br> _Creditor # : 2_ <br> _Capital One Bank_ <br> _Correspondence_ <br> _PO Box 85015_ <br> _Richmond VA 23285-5015_ | _J_ | | _Credit Card_ | | | | _$ 788.00_ |
| Account No:  _2669_ <br> _Representing:_ <br> _Capital One Bank_ | | | _Allied Interstate_ <br> _POB 361774_ <br> _Columbus OH 43236_ | | | | |
| Account No:  _5682_ <br> _Creditor # : 3_ <br> _Children's Mercy Hospital_ <br> _Patient Accounts Dept_ <br> _PO Box 804435_ <br> _Kansas City MO 64108-4435_ | _J_ | | _Medical_ | | | | _$ 20.00_ |

_3_ continuation sheets attached

                                                                    **Subtotal $**  |  _$ 1,557.00_

                                                                        **Total $**  |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re *Craig A. Walker and Michelle L. Walker*                ,        Case No. _____
                    **Debtor(s)**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    5278<br>*Creditor # : 4*<br>*Children's Mercy Hospital*<br>*Patient Accounts Dept*<br>*PO Box 804435*<br>*Kansas City MO 64108-4435* | J | | *Medical* | | | | $ 331.00 |
| Account No:<br>*Creditor # : 5*<br>*Consultants in Gastroenterolog*<br>*PO Box 412771*<br>*Kansas City MO 64141* | J | | *Medical* | | | | $ 50.00 |
| Account No:    7739<br>*Creditor # : 6*<br>*Direct Rewards*<br>*PO Box 4154*<br>*Carol Stream IL 60197-4154* | J | | *Credit Card* | | | | $ 789.00 |
| Account No:    4702<br>*Creditor # : 7*<br>*First Premier Bank*<br>*Customer Service*<br>*PO Box 5524*<br>*Sioux Falls SD 57117-5524* | J | | *Credit Card* | | | | $ 458.00 |
| Account No:    8330<br>*Creditor # : 8*<br>*J C Penney*<br>*General Inquiries*<br>*PO Box 981131*<br>*El Paso TX 79998* | J | | *Credit Card* | | | | $ 265.00 |
| Account No:<br>*Creditor # : 9*<br>*North Kansas City Hospital*<br>*2800 Clay Edwads Dr.*<br>*Kansas City MO 64116* | J | | *Medical Bill*<br>*Multiple accounts* | | | | $ 6,418.00 |

Sheet No.    1    of        3   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**        $ 8,311.00
**Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re _Craig A. Walker and Michelle L. Walker_ ,                     Case No. _____
                        **Debtor(s)**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:<br><br>*Creditor # : 10*<br>*Northland Anesthesiology*<br>*PO Box 7391*<br>*N Kansas City MO 64116* | | J | *Medical Bill* | | | | *$ 57.00* |
| Account No:  *1214*<br><br>*Creditor # : 11*<br>*Orchard Bank*<br>*PO Box 5222*<br>*Carol Stream IL 60197* | | J | *Credit Card* | | | | *$ 542.00* |
| Account No:<br><br>*Creditor # : 12*<br>*Orthopedic Surgeons*<br>*PO Box 803345*<br>*Kansas City MO 64180* | | J | *Medical Bill* | | | | *$ 110.00* |
| Account No:<br><br>*Creditor # : 13*<br>*St. Lukes Northland*<br>*5830 NW Barry Road*<br>*Kansa CIty MO  64154* | | J | *Medical Bill* | | | | *$ 601.00* |
| Account No:<br><br>*Representing:*<br>*St. Lukes Northland* | | | *Venture Financial Service, In*<br>*PO Box 16568*<br>*Raytown MO 64133* | | | | |
| Account No:<br><br>*Creditor # : 14*<br>*The Endoscopy Center*<br>*PO Box 413873*<br>*Kansas City MO 64141-3873* | | J | *Medical Bill* | | | | *$ 49.00* |

Sheet No.  _2_  of  _3_  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**            *$ 1,359.00*

**Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re *Craig A. Walker and Michelle L. Walker* ,      Case No._____
                        **Debtor(s)**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br> *Creditor # : 15* <br> *Unified Gov of Wyandotte Count* <br> *PO Box 175014* <br> *Kansas City KS 66117-5014* | | J | *Medical Bill* | | | | *$ 433.00* |
| Account No: **7563** <br> *Creditor # : 16* <br> *Washington Mutual Finance Inquiries* <br> *PO Box 11622* <br> *Pensacola FL 32524-1622* | | J | *Credit Card* | | | | *$ 1,048.00* |
| Account No: **8293** <br> *Creditor # : 17* <br> *Washington Mutual Finance Inquiries* <br> *PO Box 11622* <br> *Pensacola FL 32524-1622* | | J | *Credit Card* | | | | *$ 1,274.00* |
| Account No: **8293** <br> *Representing:* <br> *Washington Mutual Finance* | | | *Capital Management Service* <br> *726 Exchange Street #700* <br> *Buffalo NY 14210* | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. __3__ of ___3___ continuation sheets attached to Schedule of      **Subtotal $** | *$ 2,755.00*

Creditors Holding Unsecured Nonpriority Claims      **Total $** | *$ 13,982.00*
(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

FORM B6G (10/05) West Group, Rochester, NY

In re *Craig A. Walker and Michelle L. Walker*                          / Debtor       Case No. _____
                                                                                                   (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "minor child" and do not disclose the child's name. See 11 U.S.C 112 Fed.R.Bankr.P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

Page __1__ of __1__

FORM B6H (10/05) West Group, Rochester, NY

In re **_Craig A. Walker and Michelle L. Walker_**      / Debtor      Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California Idaho, Louisiana, Nevada, New Mexico, Puerto Rico Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the childs name. See 11 U.S.C 112 ; Fed.Bankr.P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

Page _1_ of _1_

Official Form 6I (10/06) West Group, Rochester, NY

In re *Craig A. Walker and Michelle L. Walker* ,                    Case No. _____
                    **Debtor(s)**                                                          **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP(S): | | AGE(S): |
| **Married** | **daughter** | | **2 yrs** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | *Operations* | *Nurse* |
| Name of Employer | *W. W. Grainger, Inc.* | *Life Care Retirement Communiti* |
| How Long Employed | *10 yrs* | *10 yrs* |
| Address of Employer | *Payroll Department* *7300 N. Melvina Ave* *Niles IL  60714-3998* | *8101 Mission Road* *Prairie Village KS  66208* |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ *3,493.75* | $ *2,383.78* |
| 2. Estimate Monthly Overtime | $ *0.00* | $ *0.00* |
| 3. SUBTOTAL | $ *3,493.75* | $ *2,383.78* |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll Taxes and Social Security | $ *947.30* | $ *365.65* |
|   b. Insurance | $ *88.09* | $ *179.67* |
|   c. Union Dues | $ *0.00* | $ *0.00* |
|   d. Other  (Specify):  *401(k) Loan repayment* | $ *200.00* | $ *0.00* |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ *1,235.39* | $ *545.32* |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ *2,258.36* | $ *1,838.46* |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ *0.00* | $ *0.00* |
| 8. Income from Real Property | $ *0.00* | $ *0.00* |
| 9. Interest and dividends | $ *0.00* | $ *0.00* |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ *0.00* | $ *0.00* |
| 11. Social Security or government assistance   Specify: | $ *0.00* | $ *0.00* |
| 12. Pension or retirement income | $ *0.00* | $ *0.00* |
| 13. Other monthly income   Specify: | $ *0.00* | $ *0.00* |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ *0.00* | $ *0.00* |
| 15. AVERAGE MONTHLY INCOME    (Add amounts shown on lines 6 and 14) | $ *2,258.36* | $ *1,838.46* |
| 16. COMBINED AVERAGE MONTHLY INCOME:  (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ *4,096.82* | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    *Debtors show only $200 per month total being either repaid or contributed to their retirement plans due to the Court's holdings in previous cases limiting Debtors to that amount for retirement contributions and/or retirement loan repayments per month.*

Official Form 6J (10/06) West Group, Rochester, NY

**In re** *Craig A. Walker and Michelle L. Walker* ,        Case No. _____
                    **Debtor(s)**                                              **(if known)**

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) ............................................ | $ 991.82 |
|   a. Are real estate taxes included?    Yes ☐   No ☒ | |
|   b. Is property insurance included?    Yes ☒   No ☐ | |
| 2. Utilities: a. Electricity and heating fuel ............................................ | $ 250.00 |
|     b. Water and sewer | $ 40.00 |
|     c. Telephone | $ 40.00 |
|     d. Other    *Cable* | $ 50.00 |
|      Other | $ 0.00 |
|      Other | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) ............................................ | $ 50.00 |
| 4. Food | $ 450.00 |
| 5. Clothing ............................................ | $ 100.00 |
| 6. Laundry and dry cleaning | $ 35.00 |
| 7. Medical and dental expenses ............................................ | $ 145.00 |
| 8. Transportation (not including car payments) | $ 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. ............................................ | $ 50.00 |
| 10. Charitable contributions | $ 15.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|     a. Homeowner's or renter's ............................................ | $ 0.00 |
|     b. Life | $ 23.24 |
|     c. Health ............................................ | $ 0.00 |
|     d. Auto | $ 120.00 |
|     e. Other ............................................ | $ 0.00 |
|      Other | $ 0.00 |
|      Other ............................................ | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | |
| (Specify)    *Prop tax/license* | $ 123.75 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|     a. Auto ............................................ | $ 0.00 |
|     b. Other: | $ 0.00 |
|     c. Other: ............................................ | $ 0.00 |
|     d. Other: | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others ............................................ | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) ............................................ | $ 0.00 |
| 17. Other: *Daycare* | $ 500.00 |
|    Other: *Haircuts & cosmetics* ............................................ | $ 75.00 |
|    Other: | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES   Total lines 1-17. Report also on Summary of Schedules | $ 3,358.81 |
|   and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
|   a. Average monthly income from Line 16 of Schedule I | $ 4,096.82 |
|   b. Average monthly expenses from Line 18 above | $ 3,358.81 |
|   c. Monthly net income (a. minus b.) | $ 738.01 |

Form 7 (4/07) Thomson West, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

In re:*Craig A. Walker*
   *and*
   *Michelle L. Walker*
   *aka Michelle L. Johnson-Walker*

Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

---

### *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

### 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| *Year to date: $50,854* | *2007* |
| *Last Year: $66,234* | *2006* |
| *Year before: $50,000* | *2005* |

### 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

### 3. Payments to creditors

Complete a. or b., as appropriate, and c.

Statement of Affairs - Page 1

Form 7 (4/07) Thomson West, Rochester, NY

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.(Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| *Creditor: Regular car & house payments* *Address:* | | | |

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

☒ NONE

## 4. Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| *Name: Wachovia* *Address: see schedule D* | *July 2007* | *Purchase money loan obtained for 2001 Ford F150 pickup; lien given against title as security for loan* |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Statement of Affairs - Page 2

## 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARSOF LOSS | DATE |
|---|---|---|
| *Description:  1997 Ford F150 pickup*<br>*Value:  $4,300* | *Circumstances:  Auto accident*<br>*Insurance:  Yes, paid $4,300.  $3,000 used as a down payment on Debtor's 2001 Ford F150; $1,300 spent on sales tax to register the 2001 Ford F150* | *July 2007* |

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement  of  this  case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Jeffrey L. Wagoner*<br>*Address:*<br>*3101 Broadway, Suite 901*<br>*Kansas City, MO 64111* | *Date of Payment:  9-27-07*<br>*Payor: Craig A. Walker* | *$500.00* |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition  is  not  filed.)

☒ NONE

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

☒ NONE

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition  is  not  filed.)

☒ NONE

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition  is  not  filed.)

Statement of Affairs - Page 3

Form 7 (4/07) Thomson West, Rochester, NY

☒ NONE

---

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

☒ NONE

---

**15. Prior address of debtor**

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| *Debtor: Craig & Michelle Walker*<br>*Address: 9110 NW 57th Street*<br>*Parkville, MO 64152* | *Name(s):* | *1992 to October 31, 2006* |

---

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

---

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

---

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

Statement of Affairs - Page 4

**18. Nature, location and name of business**

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

☒ NONE

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _**10/30/2007**_      Signature _**/s/ Craig A. Walker**_
                           of Debtor

Date _**10/30/2007**_      Signature _**/s/ Michelle L. Walker**_
                           of Joint Debtor
                           (if any)

Statement of Affairs - Page 5

Rule 2016(b) (8/91) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

In re  *Craig A. Walker*
   *and*
*Michelle L. Walker*
*aka Michelle L. Johnson-Walker*

Case No.
Chapter *13*

_____ / Debtor

Attorney for Debtor:  *Jeffrey L. Wagoner*

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in
        connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ *2,500.00*
    b)  Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . $ *500.00*
    c)  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $ *2,000.00*

3.  $ *274.00* of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
        file a petition under title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
        court.
    c)  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
    *None other*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
    *None other*

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
    the value stated:
    *None*

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
    *None*

Dated: *10/30/2007*                    Respectfully submitted,

X */s/ Jeffrey L. Wagoner*  _____
Attorney for Petitioner: *Jeffrey L. Wagoner*
*Wagoner Bankruptcy Group, P.C.*
*3101 Broadway, Suite 901*
*Kansas City MO  64111*

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

In re *Craig A. Walker*
   *and*
   *Michelle L. Walker*
   *aka Michelle L. Johnson-Walker*

Case No.

Chapter *13*

_____ / Debtor

Attorney for Debtor:  *Jeffrey L. Wagoner*

## VERIFICATION OF MAILING MATRIX

The above-named Debtor(s) hereby verifies that the attached list of creditors is true and correct to the

best of my knowledge and includes the name and address of my ex-spouse (if any).

Date: *10/30/2007*
   _____

*/s/ Craig A. Walker*
_____
Debtor

*/s/ Michelle L. Walker*
_____
Joint Debtor

```
Allied Interstate
POB 361774
Columbus  OH  43236

Bank of America Mortgage
4161 Piedmont Parkway
NC4-105-01-34
Greensboro  NC  27410-8110

Capital Management Service
726 Exchange Street #700
Buffalo  NY  14210

Capital One Bank
Inquiries
PO Box 85015
Richmond  VA  23285-5015

Capital One Bank
Correspondence
PO Box 85015
Richmond  VA  23285-5015

Children's Mercy Hospital
Patient Accounts Dept
PO Box 804435
Kansas City  MO  64108-4435

Consultants in Gastroenterolog
PO Box 412771
Kansas City  MO  64141

Direct Rewards
PO Box 4154
Carol Stream  IL  60197-4154

First Premier Bank
Customer Service
PO Box 5524
Sioux Falls  SD  57117-5524

Hyundai Motor Finance
PO Box 0542
Carol Stream  IL  60132-0542

J C Penney
General Inquiries
PO Box 981131
El Paso  TX  79998
```

```
Nebraska Furniture Mart
PO Box 3000
Omaha   NE   68114

North Kansas City Hospital
2800 Clay Edwads Dr
Kansas City  MO   64116

Northland Anesthesiology
PO Box 7391
N Kansas City  MO   64116

Orchard Bank
PO Box 5222
Carol Stream  IL   60197

Orthopedic Surgeons
PO Box 803345
Kansas City  MO   64180

St  Lukes Northland
5830 NW Barry Road
Kansa CIty  MO    64154

The Endoscopy Center
PO Box 413873
Kansas City  MO   64141-3873

Unified Gov of Wyandotte Count
PO Box 175014
Kansas City  KS   66117-5014

Venture Financial Service  In
PO Box 16568
Raytown  MO   64133

Wachovia
Customer Service
PO Box 8650
Wilmington  DE  19899-8650

Washington Mutual Finance
Inquiries
PO Box 11622
Pensacola  FL   32524-1622
```